EIKHOFF v. WAYNE CIRCUIT JUDGE.

1. New Trial—Depositions—Practice.
   Under 3 Comp. Laws, § 10136, authorizing the taking of testimony by deposition *de bene esse* "in all cases where affidavits are permitted to be used in proceedings before the court," testimony may be so taken for use on the hearing of a motion for a new trial.

2. Same.
   The statute, however, does not change the practice in relation to such motions, as prescribed by Circuit Court Rule 21, under which the motion must be made promptly, and must set up the reasons on which it is founded.

3. Same.
   Where the time allowed is insufficient to permit advantage to be taken of the statute, a proper practice would be to make and serve the motion papers seasonably, showing the necessity for, and asking, an extension of time for the purpose of taking the desired testimony.

4. Same—Newly-Discovered Evidence.
   A motion for new trial on the ground of newly-discovered evidence should disclose the nature and materiality of the evidence relied on.

5. SAME.

> Hence, a motion stating merely that it is made because of "newly-discovered evidence," and is based on "testimony to be taken," is insufficient to authorize the taking of testimony under the statute in support of the motion.

*Mandamus* by Henry J. Eikhoff to compel Flavius L. Brooke, circuit judge of Wayne county, to enter an order requiring certain persons to testify before a notary in support of relator's motion for a new trial. Submitted November 19, 1901. Writ denied December 21, 1901.

*Edward S. Grece*, for relator

*Wells, Angell, Boynton & McMillan*, for respondent.

HOOKER, J.    A motion for a new trial was made on behalf of relator in a cause pending in the Wayne circuit court against Edward T. Gilbert *et al.*    Subsequently he served notice upon defendants' attorneys that he proposed to take the testimony by deposition of Gilbert and several other witnesses, before a notary, for use upon the hearing of said motion.    The witnesses appeared at the time and place set, but, under the advice of counsel, refused to testify.    An application was thereupon made to the trial court for an order that should compel the witnesses to testify.    This was denied.    Counsel relied upon section 10136, 3 Comp. Laws, as authority for his practice, while the defendants' counsel urged that it should be held not to apply to such motions.

The right to take testimony for use upon such a motion is within the words of the statute, viz., "and in all cases where affidavits are permitted to be used in proceedings before the court;" and we think testimony to be used on such a motion fairly within the title of the act.    We are of the opinion, however, that this statute does not change the practice in motions for new trial.    Circuit Court Rule 21 requires the motion to be made promptly, and, while it recognizes the authority of the circuit judge to enlarge the time prescribed,—*i. e.*, five days,—a meritorious showing

may always be required by opposing counsel. If the motion is based upon newly-discovered evidence, its nature and materiality should appear in the motion, and the evidence in support of the motion should be served on counsel. It is apparent that this statute would be ineffective in a case where a motion is heard within five days after verdict, because evidence thus taken could not be served with the motion papers, if it could be procured in time for the hearing. A proper practice would be to make and serve the motion papers seasonably, showing the necessity for, and asking, an enlargement of time to take testimony tending to prove the allegations of newly-discovered evidence alleged in the motion, which could be refused or granted upon such conditions as justice should require, the whole being a discretionary matter. We have not a copy of the motion before us, and have no means of determining whether it apprised counsel of the character of the testimony expected or not. While the brief indicates that one ground of the motion was newly-discovered evidence, and that it stated that it was based on the "testimony in the case, and testimony to be taken," such statements fall short of the requirement of the rule requiring a statement of the ground of the motion. Doubtless considerable laxity in the formulation of motions for new trials prevails, due probably to the fact that the affidavits, which must be served with a copy of the motion, convey the requisite information; but when the testimony relied upon is not in the form of affidavits, but is to be taken under the statute, the necessity for setting up in the motion the nature of the expected testimony, and in the accompanying affidavit some evidence that it is attainable, is manifest. This does not appear to have been done; and, moreover, the brief of counsel states—and we do not discover that the statement is denied—that, while the motion stated that it was based on testimony taken *and to be taken*, the latter portion was omitted from the copy served. The time for hearing the motion was extended by consent, but there is nothing justifying us in saying

that it was for the purpose of taking testimony, which counsel seem to have consistently opposed at all times.

We are of the opinion that the application was properly denied by the learned circuit judge who heard it, and his order is affirmed, with costs.

MONTGOMERY, C. J., MOORE and LONG, JJ., concurred with HOOKER, J. GRANT, J., concurred in the result.